APPEAL NO. 24-10726-CC

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**ACCIDENT INSURANCE CO., INC.,**
*Plaintiff-Appellee,*

v.

**MATHEWS DEVELOPMENT COMPANY, LLC, et al.,**
*Defendants-Appellants.*

On Appeal from the United States District Court
for the Middle District of Alabama
Case No.: 2:19-cv-00848-RAH-SMD

## APPELLEE'S RESPONSE TO JURISDICTIONAL QUESTIONS

**F. Lane Finch, Jr.**
**Blakely L. Lloyd**
**Swift, Currie, McGhee & Hiers, LLP**
1901 6th Avenue North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 314-2401
Facsimile: (205) 244-1373
lane.finch@swiftcurrie.com
blakely.lloyd@swiftcurrie.com

*Attorneys for Accident Insurance Company*

*Appeal No. 24-10726-CC*
*Accident Insurance Co., Inc. v. Mathews Development Co., et al.*

**Certificate of Interested Persons and Corporate Disclosure Statement**

Appellee Accident Insurance Company ("AIC"), pursuant to 11th Cir. R. 26.1-1(a), submits the following list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that Appellee knows or believes have an interest in the outcome of this case or appeal:

1. Accident Insurance Co., Inc., Plaintiff-Appellee
2. Accident Insurance Holding Co. Inc., parent company of Appellee
3. Britton, W. Jackson, Counsel for Defendants-Appellants
4. Bryan, Hon. Chad W., U.S. Magistrate Judge
5. Capell & Howard, P.C., Counsel for Defendants-Appellants
6. Crow, Christina Diane, Counsel for Dismissed Defendant Courtney Jordan
7. Doyle, Hon. Stephen Michael, U.S. Magistrate Judge
8. Finch Jr., Fredrick Lane, Counsel for Plaintiff-Appellee
9. Flint, Murray S., Counsel for Plaintiff-Appellee
10. Huffaker, Hon. R. Austin, U.S. District Judge
11. Jinks Crow, P.C., Counsel for Dismissed Defendant Courtney Jordan
12. Jinks, Crow & Dickson P.C., Counsel for Dismissed Defendant

      Courtney Jordan

13. Jordan, Courtney, Dismissed Defendant

14. Lloyd, Blakely L., Counsel for Plaintiff-Appellee

15. Mathews Development Company, LLC, Defendant-Appellant

16. Mathews, James E., Defendant-Appellant

17. McInnes, Mahaley P., Counsel for Dismissed Defendant Courtney Jordan

18. Sefton, Patrick Ladd Wheeler, Counsel for Defendants-Appellants

19. Swift Currie McGhee & Hiers, LLP, Counsel for Plaintiff-Appellees

20. Thomas, Edward, *Pro Se* Defendant

21. Thomas, Ruth, *Pro Se* Defendant

22. Thompson, Hon. Myron H., U.S. District Judge

23. Walker, Hon. Susan Russ, U.S. Magistrate Judge

## Corporate Disclosure Statement

Accident Insurance Company, Inc. is a wholly owned subsidiary of Accident Insurance Holding Company, Inc. There is no publicly held company that owns 10% or more of Accident Insurance Company, Inc. and it has no subsidiary entities, affiliate entities, or any other similar entities that could potentially pose a financial or professional conflict for the Eleventh Circuit judiciary.

                                       */s/ Lane Finch*
                                       OF COUNSEL

**Response to Jurisdictional Questions**

On April 10, 2024, this Court presented Defendants-Appellants Mathews Development Company, LLC, and James Mathews (the "Mathews Defendants") with two jurisdictional questions. Plaintiff-Appellee Accident Insurance Company, Inc. ("AIC") offers the following in response to those jurisdictional questions.

**A.     Question No. 1: Do the Pleadings Sufficiently Allege Citizenship Supporting Diversity Jurisdiction?**

The Complaint alleged in pertinent part:

"Accident Insurance Company, Inc. (AIC) is a New Mexico corporation with its principal place of business in New Mexico." ECF No. 1 at ¶ 1.

"Mathews Development Company, LLC is an Alabama limited liability company with its principal place of business in Montgomery, Alabama." *Id.* at ¶ 2.

"On information and belief, James E. Mathews is the only member of Mathews Development and lives in Montgomery, Montgomery County, Alabama." *Id.* "James E. Mathews is an Alabama resident over the age of 19." *Id.* at ¶ 3.

"Edward Thomas is an Alabama resident over the age of 19. On information and belief, he lives in Pike Road, Montgomery County, Alabama." *Id.* at ¶ 7.

"Ruth Thomas is an Alabama resident over the age of 19. On information and belief, she lives in Pike Road, Montgomery County, Alabama." *Id.* at ¶ 8.

Defendants Mathews Development, James E. Mathews, Edward Thomas, and Ruth Thomas all admitted those allegations in their responsive pleadings. *See* ECF

1

No. 42 and ECF No. 44. The Eleventh Circuit has found domicile admissions carry evidentiary weight when they work against a party's self-interest. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011) (finding a defendant's admissions as to domicile in unsworn pleadings constituted evidence for purposes of establishing diversity jurisdiction).

AIC acknowledges "residence" and "domicile" are closely related. Both mean living in a locality with the latter word meaning living in that locale ***with intent to make it a fixed and permanent home***. *Fuller v. Hofferbert*, 204 F.2d 592, 597 (6th Cir. 1953). Despite that difference, "[w]here a person lives and has his home is his 'domicile' until facts adduced establish the contrary." *Mitchell v. United States*, 88 U.S. 350, 351, (1874). That is because the federal courts

> have acknowledged the usefulness of certain presumptions with respect to a person's domicile. First among these presumptions is that the state in which a person resides at any given time is also that person's domicile. Second, once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state.

*Charter Oak Fire Ins. Co. v. Davis*, No. CV-11-RRA-01721-W, 2012 WL 6923592, at *8 (N.D. Ala. Dec. 7, 2012), report and recommendation adopted, No. CV-11-RRA-01721-W, 2013 WL 247067 (N.D. Ala. Jan. 23, 2013) (cleaned up).

Applying that presumption here, the citizenship of the defendants is evident (and their citizenship is undisputed). *Accord*, *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998) (presuming that once an

2

individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state).

Based on the parties' admissions and Eleventh Circuit precedent, AIC respectfully submits that the allegations, as pled, establish diversity jurisdiction. To the extent this Court disagrees, AIC requests leave to amend the Complaint to substitute the word "citizen" for the word "resident" in paragraphs 2, 7, and 8 to clearly and correctly allege each defendant's domicile. Such an amendment would be consistent with the admission by the Mathews Defendants that "there is complete diversity of citizenship between AIC and each Defendant * * * ." ECF No. 42 at ¶ 10.

### B. Question No. 2: Did the District Court Resolve the Mathews Defendants' Counterclaim?

Yes. Mathews Development sought reformation of the Policy to clarify that it was the intended insured and that it "is legally entitled to a defense and indemnification for the underlying actions." ECF No. 42 at 15.

In its Motion for Summary Judgment, AIC stated as an undisputed fact that it "issued general liability policies to Mathews Development for several years * * * ." ECF No. 53 at 5. It did not argue the Mathews Defendants were not the insured. Instead, AIC argued they were not entitled to a defense for the underlying actions because they could not prove "bodily injury" or "property damage" that occurred while an AIC policy was in effect, they failed to comply with conditions precedent

3

coverage in the special conditions endorsement, and the AIC policies expressly excluded coverage for tract housing construction. ECF No. 53 at 17-23. The District Court found in favor of AIC based on the special conditions endorsement and the tract housing exclusion. ECF No. 137 at pp. 8-12. It then issued a final judgment pursuant to Fed. R. Civ. P. 58. ECF No. 138.

Thus, the District Court resolved the coverage question completely, putting to rest both AIC's claim and the Mathews Defendants' counterclaim.

**C.  Conclusion:  Diversity Jurisdiction Exists and the Mathews Defendants Appealed from a Final Order**

In response to this Court's jurisdictional questions, AIC respectfully submits that its New Mexico citizenship was adequately pled in the Complaint. The Alabama citizenship of the Mathews Defendants and individual defendants was adequately pled in the Complaint and was admitted in their respective answers. Thus, diversity jurisdiction existed at the time the Complaint was filed.

In the event this Court requires further confirmation, AIC requests leave to amend the Complaint to substitute the word "citizen" for the word "resident" in paragraphs 2, 7, and 8 or to offer additional evidence of the complete diversity of citizenship between AIC and the defendants.

Finally, the District Court issued a final order deciding all issued raised in the Complaint and in the Counterclaim; it determined AIC did not have a duty to defend the Mathews Defendants against the remaining underlying claim.

Therefore, this appeal should be allowed to proceed.

**RESPECTFULLY SUBMITTED,**

Dated: April 29, 2024

*/s/ Lane Finch*
F. Lane Finch, Jr.  (ASB-0027-I58F)
Blakely L. Lloyd (ASB-1562-N88Q)
*Attorneys for Accident Ins. Co.*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
1901 6th Avenue North, Suite 1100
Birmingham, AL 35203
(205) 314-2401
lane.finch@swiftcurrie.com
blakely.lloyd@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing document complies with the volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 972 words, as created by Microsoft Word, excluding the items that may be excluded under Fed. R. App. P. 32(f).

*/s/ Lane Finch*
OF COUNSEL

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024, I served a copy of the foregoing upon the following counsel of record by filing the same with the CM/ECF system, which will provide notice to:

Patrick L.W. Sefton
William Jackson Britton
Capell & Howard, P.C.
150 S. Perry Street
Montgomery, Alabama 36102
Pat.Sefton@chlaw.com
Jackson.Britton@chlaw.com

Christina Diane Crow
Mahaley Paulk McInnes
Jinks Crow, P.C.
219 Prairie St. N.
Union Springs, Alabama 36089
ccrow@jinkslaw.com
mmcinnes@jinkslaw.com

　　　　　　　　　　　　　　　　　　*/s/ Lane Finch*
　　　　　　　　　　　　　　　　　　OF COUNSEL

4866-0674-5015, v. 2

7